BRANNAM & JONES *v.* F. BYLAND.

Warehouses — Bailment — Loss by Fire — Burden of Proof — Verdict — Weight of Evidence — New Trial.

The appellants alleged in this answer that the whisky was destroyed by fire without their fault. The issue thus found imposed the burden of proving the loss by fire on them.

New Trial — Weight of Evidence — Verdict.

To authorize a new trial on the grounds that the verdict was against the weight of the evidence, it must be clearly so. A mere preponderance of the evidence will not authorize a reversal, as it is the province of the jury to determine the weight of evidence.

APPEAL FROM KENTON CIRCUIT COURT.

June 28, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

The petition alleges that the defendants undertook for compensation to safely store and keep whisky in controversy, and agreed

to deliver same to the plaintiff in good order whenever they should be requested to do so, and that although requested to do so the defendants had failed and refused to deliver the whisky. The answer not controverting the alleged terms of the bailment alleges in accordance that the whisky while in their possession, and without fault or negligence on their part, was destroyed by fire.

In our opinion the issue thus formed imposed on the defendants the burden of proving the loss of the whisky by fire, and that they used ordinary care and prudence in endeavoring to safely keep it and the admission of the consumption of the whisky dispensed with proof of a dismissal.

The court gave no instructions at the instance of the plaintiff and refused none asked by defendants.

It is insisted for the appellants that the court erred in allowing plaintiff's counsel to conclude the argument to the jury. It is not shown by the record that such a question was reserved, but if such was the ruling of the court, we incline to the opinion that it was not erroneous, as the alleged value and quantity of the whisky were controverted by the answer.

Whether the verdict of the jury was sustained by the evidence or not is the only remaining question to be considered.

It is too well established to require the citation of authority that to authorize a new trial on the ground that the verdict of the jury is against the weight of the evidence, it must be clearly so, and a mere preponderance of the evidence against the verdict, in the opinion of this court, would not alone authorize a reversal, as it was properly the province of the jury to determine the weight of the evidence. We think the jury may well have inferred from the testimony of the appellants and witness Turley, if not from other evidence, that the whisky was destroyed in consequence of some act of carelessness on the part of one of them. But without a more minute examination of the evidence, it is sufficient to say that the evidence does not seem to so preponderate against the verdict as to authorize us to reverse the judgment.

Wherefore, the judgment is affirmed.